FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TODD MARTIN, | § § § | |
| Plaintiff, | § § | |
| V. | § § | NO. 2:13-cv-00251-J |
| HELENA CHEMICAL COMPANY | § § | JURY TRIAL DEMANDED |
| Defendants. | § § | |

## JOINT PRE-TRIAL ORDER

TO THE HONORABLE MARY LOU ROBINSON:

Pursuant to the Court's September 19, 2014 Pretrial Notice and Order, Plaintiff Todd Martin ("Martin") and Defendant Helena Chemical Company ("Helena") file this, their Pretrial Order, through their undersigned Counsel, pursuant to the Court's September 19, 2014, Pretrial Notice and Order.

### A. ANY QUESTIONS, JURISDICTIONAL, OR OTHERWISE, RAISED BY PENDING MOTIONS

The pending motions before the Court are as follows:

*Plaintiff's Motions:*

1. Motion in Limine of Plaintiff

*Defendant's Motions:*

1. Motion to Strike Plaintiff's Expert Designation of Walter Webb, CPA (Docket No. 26);

2. Motion in Limine of Defendant

3. Motion to Exclude Plaintiff's Expert (Veggeberg)

4. Motion to Exclude Introduction of Evidence Regarding Back Pay from March 30, 2013 - January 6, 2014

## B. CONCISE SUMMARY OF THE CLAIMS AND DEFENSES OF EACH PARTY

### Summary of Plaintiff's Claims

On or about November 26, 2012, Plaintiff was advised that he was being demoted. This demotion was effective on January 1, 2013. Later he learned that as part of his demotion, he was replaced by a less experienced, less productive substantially younger man. In addition to his loss in position, Plaintiff also lost certain income opportunities and privileges of employment in the following particulars:

1. Defendant removed sales accounts from Plaintiff;
2. Plaintiff could no longer fully participate in Defendant's bonus program;
3. Plaintiff was removed from his office;

In light of the foregoing, Plaintiff was subjected to disparate treatment on account of his age with respect to his compensation, terms, conditions and privileges of employment. Plaintiff claims that comments made by James R. Bush, Defendant's employee, regarding Plaintiff's demotion constitute direct evidence of age discrimination. Plaintiff was also constructively discharged from his employment with Defendant on March 30, 2013. Accordingly, Plaintiff has asserted violations of the following:

1. Age Discrimination in Employment Act
2. Texas Labor Code sections 21.051(1) and 21.051(2)

As a result of Defendant's actions, Plaintiff has been damaged as follows:

1. Loss of past wages and income;
2. Loss of benefits and benefit participation;
3. Sustained mental and emotional harm and distress

Plaintiff also seeks the recovery of his attorneys' fees in the event one or more of them qualify as prevailing under 29 U.S.C. § 621, the Texas Labor Code § 21.051(1) or the Texas Labor Code § 21.051(2).

## Summary of Defendant's Defenses

1. Age was not a motivating factor or the but for cause of Helena's decision to remove Todd Martin from his Branch Manager position as age was not any factor in any decision made concerning Martin's employment.

2. To the extent Helena made any comment(s) regarding Martin's age, if any, they were nothing more than stray remarks.

3. Helena acted in good faith towards Martin, and the decision to remove him from the Branch Manager position was for legitimate, non-discriminatory, non-retaliatory reasons.

4. Martin failed to report any alleged age discrimination as required by Helena's policy, thus failing to avail himself of any corrective measures.

5. Absent Martin's age, Helena would have made the same decision to remove him from his Branch Manager position.

6. Ronnie Bush made both the decision to promote Todd Martin to the Branch Manager position and to remove him from the position.

7. Todd Martin's working conditions were not so intolerable that a reasonable employee would feel compelled to resign. To the extent Martin sustained any injuries or damages as a result of his lost employment, they were caused by Martin voluntarily quitting and abandoning his employment.

8. Todd Martin is not entitled to recover liquidated damages.

9. Todd Martin is not entitled to recover punitive damages. Additionally, in so far as Martin seeks punitive damages under the ADEA, they are unavailable as a matter of law.

10. Todd Martin is not entitled to recover damages for emotional pain and suffering. Additionally, in so far as Martin seeks damages for emotional pain and suffering under the ADEA, they are unavailable as a matter of law.

11. Martin is not entitled to recover back pay damages as he failed to mitigate his damages, if any.

C. **AN ITEMIZED LIST OF ALL STIPULATIONS AND ADMISSIONS OF FACT WHICH HAVE BEEN AGREED UPON BY THE PARTIES**

**Plaintiff and Defendant have stipulated to the following:**

1. Jurisdiction is proper in this Court under 28 U.S.C. § 1331 and 29 U.S.C. § 621.

2. Venue is proper in this district and division.

3. Helena employed more than 500 people in more than 20 calendar weeks in each year from 2013 to 2014.

4. Helena is an "employer" within the meaning of 29 U.S.C. § 630(b) and Tex. Lab. Code § 21.002(8).

5. James R. Bush, Southwest Division Manager, made the decision to remove Martin from the Branch Manager position.

6. Plaintiff brings claims under 29 U.S.C. § 621, the Texas Labor Code § 21.051(1) and the Texas Labor Code § 21.051(2) for the alleged disparate treatment and constructive discharge of Plaintiff in the workplace.

7. Plaintiff has exhausted all administrative remedies concerning his claims articulated in section B before the Equal Employment Opportunity Commission and the Texas Workforce Commission Civil Rights Division.

8. Plaintiff began working for Defendant in 1999 as an agronomist.

9. Plaintiff was promoted to the position of sales representative at Helena's Hartley Branch in 2002.

10. In October of 2004, Plaintiff was promoted to Branch Manager of the Hartley Branch by Ronnie Bush.

11. Plaintiff worked as Defendant's Hartley Branch Manager from October of 2004 until January 1, 2013.

12. Plaintiff's position as Branch Manager included management and sales responsibilities.

13. Plaintiff's supervisor in 2012 and 2013 was James R. Bush who was Defendant's Southwest Division Manager.

14. In November of 2012, James R. Bush made the decision to demote Plaintiff from the Branch Manager position at Hartley Branch.

15. Plaintiff was notified of the decision to remove him as Branch Manager on November 26, 2012 by James R. Bush and Tony Savage, Defendant's Southwest Division Sales Manager.

16. On December 18, 2012, Defendant announced Plaintiff's demotion to the Hartley Branch staff.

17. Plaintiff was removed as the Hartley Branch manager on January 1, 2013.

18. Chad Trusler was promoted to the position of Hartley Branch manager on January 1, 2013.

19. Chad Trusler was thirty-six years old on the date he was promoted to Hartley Branch manager.

20. Defendant received a letter from Plaintiff's attorney on or about March 30, 2013 claiming Plaintiff had been constructively discharged.

21. Martin began working for Aurora Cooperative on January 6, 2014 earning base pay in the amount of $85,000 per year plus a bonus potential of 20% of base pay.

### D. AN ITEMIZED LIST OF THE CONTESTED QUESTIONS OF FACT, INCLUDING AN ITEMIZED STATEMENT OF SPECIAL DAMAGES, IF ANY, AS WELL AS OFFSETS THERETO

The parties agree that any contested issue of fact listed below that more properly should be characterized as a contested issue of law should be so construed and vice-versa.

**Plaintiff's Contested Questions of Fact:**

1. Whether but for Plaintiff's age Defendant would have demoted him from the position of the Hartley, Texas Branch manager in violation of the ADEA.

2. Whether James R. Bush's comments made during his November 26, 2012 meeting with Plaintiff constitute direct evidence of age discrimination in violation of the ADEA.

3. Whether Plaintiff's age was a motivating factor in the decision to demote him from the position of the Hartley, Texas Branch manager in violation of the TCHRA.

4. Whether James R. Bush's comments made during his November 26, 2012 meeting with Plaintiff constitute direct evidence of age discrimination in violation of the TCHRA.

5. Whether Plaintiff was subjected to a constructive discharge in violation of the ADEA.

6. Whether Plaintiff was subjected to a constructive discharge in violation of the TCHRA.

7. Whether Defendant's violation of the ADEA was willful.

8. Whether Defendant's conduct of the TCHRA was intentional.

9. Whether Plaintiff sustained injury in the form of lost income, benefits and fringe benefits (backpay) pursuant to the ADEA from March 30, 2013 through May 14, 2014.

10. Whether Plaintiff is entitled to liquidated damages pursuant to the ADEA.

11. Whether Plaintiff sustained injury in the form of lost income, benefits and fringe benefits (backpay) under the TCHRA from March 30, 2013 through May 14, 2014.

12. Whether Plaintiff sustained injury in the form of compensatory damages pursuant to the TCHRA.

13. Whether Defendant's conduct warrants punitive damages pursuant to the TCHRA.

**Defendant's Contested Questions of Fact:**

1. Whether Martin's age was a motivating factor in Helena's decision to remove him from the Hartley, Texas Branch Manager position.

2. Whether but for Martin's age, Helena would not have removed him from the Branch Manager position.

3. Whether any age related comment Helena made was a stray remark.

4. Whether Helena would have made the same decision to remove Martin from the Branch Manager position regardless of his age.

5. Whether Helena had legitimate, non-discriminatory reasons for removing Martin from his Branch Manager position.

6. Whether Helena acted in good faith.

7. Whether Martin can show that he was constructively discharged.

8. Whether Martin failed to report to Helena alleged age discrimination prior to his departure from Helena.

9. Whether Martin made good faith efforts to find comparable employment following the end of his employment at Helena.

10. Whether Martin has suffered actual damages and loss as a result of Helena's alleged conduct.

11. Whether Helena acted in knowing or reckless disregard of the ADEA.

12. Whether Helena acted with malice or reckless indifference of Martin's statutorily-protected rights under the TCHRA.

13. Any of the contested issues of law below which contain contested issues of fact.

### E. AN ITEMIZED LIST OF EACH CONTESTED QUESTION OF LAW

**Plaintiff's Contested Questions of Law:**

1. Whether Plaintiff is entitled to a mixed motive i.e. "motivating" factor instruction on his claim under the TCHRA.

2. Whether Plaintiff is entitled to an instruction regarding backpay for the time between March 30, 2013 and May 14, 2014 pursuant to the ADEA.

3. Whether Plaintiff is entitled to an instruction regarding backpay for the time between March 30, 2013 and May 14, 2014 pursuant to the TCHRA.

**Defendant's Contested Questions of Law:**

1. Whether Martin can show that but for his age, he would not have been removed from the Branch Manager position.

2. Whether Martin can show that age was a motivating factor, in Helena's decision to remove him from the Branch Manager position.

3. Whether Martin can show that he was constructively discharged.

4. Whether Helena can demonstrate legitimate, non-discriminatory reasons for Martin's removal from the Branch Manager position to Sales Representative.

5. Whether Martin can demonstrate that Helena's proffered legitimate, non-discriminatory reasons for Martin's removal from the Branch Manager position are mere pretext.

6. Whether Martin can show that Helena willfully violated the ADEA.

7. Whether Martin can show that Helena acted with malice or reckless indifference to his statutorily protected rights under the TCHRA.

8. Whether Helena would have made the same decision to remove Martin from the Branch Manager position regardless of Martin's age.

9. Whether Martin is entitled to back pay and lost benefits, if any. If so, in what amount.

10. Whether Martin is entitled to liquidated damages.

11. Whether Martin is entitled to recover damages for emotional distress, if any. If so, in what amount (subject to the statutory caps of $300,000 under TCHRA (in total with any award of punitive damages)).

12. Whether Martin is entitled to recover punitive damages, if any (subject to the statutory caps of $300,000 under TCHRA (in total with any award of emotional distress damages)).

13. Whether Helena acted in good faith pursuant to *Kolstad*, and therefore, an award of punitive damages is unavailable.

14. Whether Martin is entitled to recover his attorneys' fees, if any. If so, in what amount.

15. Whether Martin made any, or in the alternative, reasonable efforts to mitigate his back pay damages, if any.

16. Whether Martin is entitled to pre-judgment or post-judgment interest, if any.

17. Whether Helena made the working conditions so intolerable that a reasonable employee would feel compelled to resign?

### F. AN ESTIMATE OF THE LENGTH OF TRIAL

The parties estimate this trial will last approximately four (4) to five (5) days.

### G. A LIST OF ADDITIONAL MATTERS WHICH WOULD AID IN THE DISPOSITION OF THIS CASE

The parties have no additional matters to present to the Court which will aid in the disposition of this case.

## CERTIFICATE OF CONFERENCE

The undersigned attorneys certify to the Court that a conference was held prior to the date of submission of this proposed Pretrial Order, that the above stipulations are agreed upon, and the proposed Pretrial Order is submitted to the Court for entry.

Marvin W. Jones : State Bar No. 10929100
Shawn D. Twing: State Bar No. 00798008
C. Brantley Jones: State Bar No. 24079808
SPROUSE SHRADER SMITH, PLLC
701 S. Taylor
Amarillo, Texas 79101
806-468-3344
806-373-3454 (Fax)
marty.jones@sprouselaw.com
brantley.jones@sprouselaw.com
shawn.twing@sprouselaw.com

*Attorneys for Plaintiff Todd Martin*

Angie C. Davis: TN Bar No. 20043
Katherine M. Bogard: TN Bar No. 28099
BAKER, DONELSON, BEARMAN, CALDWELL, & BERKOWITZ, P.C.
165 Madison Avenue, Suite 2000
Memphis, Tennessee 38103
(901) 577-8100
(901) 577-0893 fax
angiedavis@bakerdonelson.com
kbogard@bakerdonelson.com
*Admitted Pro Hac Vice*


Danielle E. Needham; State Bar No. 24041571
JACKSON WALKER L.L.P.
777 Main Street, Ste. 2100
Fort Worth, Texas 76102
(817) 334-7227
(817) 870-5127 fax
dneedham@jw.com

Danny M. Needham: State Bar No. 14854400
Mullin Hoard & Brown
500 South Taylor
Suite 800 LB 213
Amarillo, Texas 79101-1656
806-372-5050
806-372-5086
dmneedham@mhba.com

***Attorneys for Defendant Helena Chemical Company***

_____
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE